IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10323
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAMUEL EMEKA NWOKOLO,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-159-D
- - - - - - - - - -
May 9, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Samuel Emeka Nwokolo appeals his conviction following a jury trial for conspiracy to possess with the intent to distribute heroin and possession with the intent to distribute heroin.

    Nwokolo cannot demonstrate clear error affecting his substantial rights from the Government's questions eliciting answers Nwokolo alleges improperly injected ethnicity into the trial in an attempt to inflame the jury, as he cannot show that

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

any injection of ethnicity was so pronounced and persistent that it permeated the entire atmosphere of his trial.  See United States v. Castillo, 77 F.3d 1480, 1497 (5th Cir.), cert. denied, 117 S. Ct. 180, and cert. denied, 117 S. Ct. 236, and cert. denied, 117 S. Ct. 502 (1996); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

The district court did not err by admitting evidence that was not alleged in the indictment.  Nwokolo did not suffer prejudice to his substantial rights as the evidence supported the showing at trial of the existence of only a single conspiracy as alleged in the indictment.  See United States v. Jensen, 41 F.3d 946, 956 (5th Cir. 1994).

The record regarding the merits of Nwokolo's ineffective assistance-of-counsel claim is not fully developed.  Accordingly, this court declines to address it.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

Nwokolo has failed to argue his issue that the district court erred by denying his motion to sever.  He has also failed to independently argue his issues that he was denied his right to confront the witnesses against him and that there was insufficient evidence to support the verdict.  He raised these last issues in an attempt to demonstrate prejudice due to ineffective assistance of counsel.  Nwokolo has abandoned these issues through his failure to adequately argue them. Accordingly, this court declines to address them.  See United

<u>States v. Valdiosera-Godinez</u>, 932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.